IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| WIND TOWER TRADE COALITION,<br>      **Plaintiff,**<br>   v.<br>UNITED STATES,<br>      **Defendant.** | Before: Hon. _____,<br>Judge<br><br>Court No. 20-00172 |

## COMPLAINT

Plaintiff the Wind Tower Trade Coalition, by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff brings this Complaint to contest the final determination issued by the U.S. Department of Commerce ("Commerce") in the countervailing duty investigation on utility scale wind towers from Canada. The final determination was issued on June 29, 2020 and published in the *Federal Register* on July 6, 2020. *See Utility Scale Wind Towers from Canada*, 85 Fed. Reg. 40,245 (Dep't Commerce July 6, 2020) (final affirm. countervailing duty deter. and final negative deter. of critical circumstances) ("*Final Determination*") and accompanying Issues and Decision Memorandum ("Issues & Decision Memo"). Subsequently, the U.S. International Trade Commission ("ITC") issued an affirmative injury determination with respect to the subject goods, and Commerce published a countervailing duty order. *See Utility Scale Wind Towers from Canada, Indonesia, and the Socialist Republic of Vietnam*, 85 Fed. Reg. 52,543 (Dep't Commerce Aug. 26, 2020) (amended final affirm. countervailing duty deter. and countervailing duty orders) ("*Countervailing Duty Order*").

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Sections 516A(a)(2)(A)(i)(II) and (B)(i) of the Tariff Act of 1930, as amended. 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) & (B)(i).

## STANDING

3. Plaintiff is an association of domestic utility scale wind tower producers and therefore is an interested party within the meaning of 19 U.S.C. § 1677(9)(E). Plaintiff was the petitioner in Commerce's underlying countervailing duty investigation. Accordingly, Plaintiff has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

4. Prior to commencing this action, which involves the appeal of a determination involving Canada, a United States-Mexico-Canada Agreement ("USMCA") country, Plaintiff timely provided a notice of intent to commence judicial review pursuant to 19 U.S.C. § 1516a(g)(3)(B) to the United States Secretary, the Canadian USMCA Secretary, all interested parties in the proceeding below and Commerce, on July 24, 2020.

5. Plaintiff subsequently commenced this action by filing a Summons on September 4, 2020, within the 30-day period that began to run 31 days after the date of publication of the final determination being challenged here, pursuant to 19 U.S.C. § 1516a(a)(5)(A). Plaintiff is filing this Complaint within 30 days after filing the Summons. The Summons and Complaint therefore are timely filed pursuant to 19 U.S.C. § 1516a(a)(5) and 19 U.S.C. § 1516a(a)(2) and Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

6. On July 9, 2019, Plaintiff filed a petition with Commerce and the ITC alleging that the wind tower industry in the United States was materially injured or threatened with material injury by reason of wind tower imports from four countries, including subsidized imports of wind towers from Canada.

7. In the course of the countervailing duty investigation on utility scale wind tower imports from Canada, Petitioners argued that Canadian wind tower producers benefited from local content requirement subsidies imposed by the Governments of Quebec and Ontario. *See Utility Scale Wind Towers from Canada*, 84 Fed. Reg. 68,126 (Dep't Commerce Dec. 13, 2019) (prelim. affirm. countervailing duty deter., and alignment of final deter. with final antidumping duty deter.) ("*Prelim. Determination*") and accompanying Decision Memorandum ("Prelim. Decision Memo") at 19-23.

8. On December 13, 2019, Commerce published its preliminary determination in the countervailing duty investigation. *Prelim. Determination*, 84 Fed. Reg. at 68,127.

9. In the preliminary determination, Commerce found that the Government of Quebec's local content requirement program provided a recurring benefit and, as a result, because Marmen did not make sales of wind towers in Quebec during the period of investigation ("POI"), the program did not confer any benefit on Marmen, and it was unnecessary for Commerce to make a preliminary determination as to the countervailability of the program. Prelim. Decision Memo at 20. Commerce further found that, because Marmen is a wind tower producer located outside of Ontario, the Government of Ontario's local content requirement program did not provide a financial contribution or confer a benefit on Marmen and, therefore, was not used by Marmen. *Id.* at 23. In part as a result of these findings on the provincial local content requirement programs,

Commerce calculated a 1.09% preliminary subsidy rate for mandatory respondent Marmen Inc. and all other Canadian wind tower producers. *Prelim. Determination*, 84 Fed. Reg. at 68,127.

10. After the preliminary determination, Plaintiff submitted a case brief arguing that Marmen did in fact benefit from the local content requirement programs imposed by both the Government of Quebec and the Government of Ontario, and that both subsidy programs should be countervailed by Commerce in the final determination. *See* Letter from Wiley Rein LLP to Sec'y of Commerce, re: *Utility Scale Wind Towers from Canada: Case Brief* (May 6, 2020) at 3-38. In rebuttal, Marmen and the Government of Quebec argued that Commerce correctly found in its preliminary determination that the local content requirements imposed by the Government of Quebec and the Government of Ontario did not provide countervailable subsidies to Marmen during the POI. Letter from White & Case LLP to Sec'y of Commerce, re: *Utility Scale Wind Towers from Canada: Rebuttal Brief* (May 13, 2020) at 4-25; Letter from Arent Fox LLP to Sec'y of Commerce, re: *Utility Scale Wind Towers from Canada: The Government of Quebec's Rebuttal Brief* at 4-26 (May 13, 2020).

11. On July 6, 2020, Commerce published its final determination in the countervailing duty investigation. *See Final Determination*, 85 Fed. Reg. at 40,245.

12. In its final determination, the agency continued to find that the Government of Quebec's and the Government of Ontario's local content requirement programs each did not provide countervailable subsidies to Marmen during the POI. *See* Issues & Decision Memo at cmts. 4 and 5. In part as a result of these findings, Commerce calculated a final subsidy margin of 1.18% for Marmen and for all others, *Final Determination*, 85 Fed. Reg. at 40,246, which it later revised to 1.13% in response to a ministerial error allegation. *Countervailing Duty Order*, 85 Fed. Reg. at 52,545.

## CLAIMS AND BASES FOR RELIEF

### Count I

13. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 12.

14. Commerce's determination that the Government of Quebec's local content requirement program did not confer a countervailable subsidy on Marmen during the POI was unsupported by substantial evidence and not in accordance with law.

### Count II

15. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 14.

16. Commerce's determination that the Government of Ontario's local content requirement program did not confer a countervailable subsidy on Marmen during the POI was unsupported by substantial evidence and not in accordance with law.

## REQUEST FOR JUDGMENT AND RELIEF

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1) Hold that aspects of Commerce's final determination in the countervailing duty investigation of *Utility Scale Wind Towers from Canada* are not supported by substantial record evidence and otherwise not in accordance with law; and

2) Remand the final determination to Commerce for disposition consistent with the Court's final opinion; and

3) Grant such other relief as the Court may deem just and proper.

Ct. No. 20-00172

Respectfully submitted,

 */s/ Alan H. Price*
Alan H. Price, Esq.
Daniel B. Pickard, Esq.
Robert E. DeFrancesco, III, Esq.
Laura El-Sabaawi, Esq.
John Allen Riggins, Esq.

**WILEY REIN LLP**
1776 K Street, NW
Washington, DC 20006
(202) 719-7000

*Counsel for the Wind Tower Trade Coalition*

Dated: October 2, 2020

# CERTIFICATE OF SERVICE

PUBLIC SERVICE

*Wind Tower Trade Coalition v. United States*
**Court No. 20-00172**

I certify that a copy of this public submission was served on the following parties, via certified mail and electronic service, on October 2, 2020.

                         */s/ John Allen Riggins*

Matthew J. Clark, Esq.
**Arent Fox LLP**
1717 K St., NW
Washington, DC 20006-5344

Jay C. Campbell, Esq.
**White & Case LLP**
701 Thirteenth St., NW
Washington, DC 20005-3807

Chunlian Yang, Esq.
**Alston & Bird, LLP**
950 F St., NW
Washington, DC 20004-1404

H. Deen Kaplan, Esq.
**Hogan Lovells US LLP**
555 Thirteenth St., NW
Washington, DC 20004

Eric S. Parnes, Esq.
**Hughes Hubbard & Reed LLP**
1775 I St., NW
Suite 600
Washington, DC 20006-2401

Joanne Osendarp, Esq.
**McDermott Will & Emery**
500 N Capitol St., NW
Washington, DC 20001-1531

Jennifer Chiu
**Embassy of Canada**
501 Pennsylvania Ave., NW
Washington, DC 20001-2111

Joshua Ethan Kurland
Civil Division – Commercial Litigation Branch
**U.S. Department of Justice**
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

General Counsel
**U.S. Department of Commerce**
14th Street and Constitution Ave., NW
Washington, DC 20230